Emma L. Hammer, Defendant in Error, v. William O. Trainer, Plaintiff in Error.

## Gen. No. 17,624.

1. CONTRACTS—*guaranty*. Where defendant who is acting as broker for both parties in the sale of a flat building enters into a written agreement with plaintiff to the effect that if she will purchase the building

and let defendant have the renting he will guarantee to rent the apartments to responsible tenants at a certain rental per month, the instrument is not a guaranty but a valid promise on the part of defendant for the breach of which he is liable.

2. Brokers—*liability on agreement to lease.* Where defendant who acts as broker in the sale of a flat building to plaintiff agrees to act. as her agent in renting, to rent the apartments at a certain rate per month to responsible tenants, to guarantee the rent, and to pay the rent for apartments which are vacant, he is liable for the failure of tenants to pay rent, though the lease was made by plaintiff's grantor before the deed was delivered to plaintiff.

3. Brokers—*not entitled to withhold excess rent.* Where defendant acting as broker for plaintiff agrees to rent her apartments at a certain rental or more per month he is not entitled to withhold the amount collected in excess of the amount specified.

Error to the Municipal Court of Chicago; the Hon. John D. Turnbaugh, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed June 30, 1913.

B. F. Langworthy, for plaintiff in error.

George R. Jenkins, for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

June 27, 1910, the defendant Trainer, acting as broker for both parties, negotiated a contract for exchange between plaintiff Hammer and one Woodley of Woodley's six flat building, 5212 and 5214 Kimbark avenue, then approaching completion, for certain real estate of Mrs. Hammer and a sum of money. The contract provided that Mrs. Hammer should take Woodley's property "subject to existing leases." At the same time, as a part of the same transaction and to induce Mrs. Hammer to make the exchange, the defendant gave to Mrs. Hammer the following instrument in writing, addressed to her: "We herewith agree with you that if you purchase the building at 5212-14 Kimbark, and will turn the renting agency of this property over to us, we will guarantee to you to rent the apart-

ments in the building to responsible tenants from September 1, 1910, at a rental of $60 a month for five of the apartments and $55 per month for the other.

"We will charge you 2½ per cent. commission for renting and collecting rents, and the costs of advertising the apartments in the daily papers. We will keep a man at the building in the afternoons, upon Saturday and Sunday, until these apartments are rented, and use every facility of our office and do everything that is possible to secure tenants.

"We agree and guarantee to you that whatever apartments are vacant from the first of September we will pay the rent until they are rented. We also agree with you that if possible we will secure $65 or even more for any of the apartments and will use our best efforts to secure it."

Between June 27, when the contracts were made, and July 21, when the deeds were exchanged, defendant negotiated two leases in the name of Woodley of apartments in the Kimbark avenue property, one of which was to Mary R. and Dwight C. Haven for two years from September 1, 1910, at $60 per month. The Havens did not pay the rent for December, 1910, and January, 1911. Defendant also withheld $12.50 rents collected, on the claim that he had rented one apartment for $62.50 per month and was entitled to keep as his own $12.50 because he had collected that sum in excess of $60 per month. In an action in the Municipal Court plaintiff had judgment for $132.50, $120 of which was for the two months rent the Havens failed to pay and $12.50 for the rent retained under the claim above stated.

The instrument given by defendant to plaintiff is not a guaranty, but is a valid promise on the part of the defendant and for a breach of that promise he is liable to respond in damages. We think it is immaterial that the Haven lease was executed before deeds were exchanged. It was executed after the contract

was made by which Mrs. Hammer agreed to take the Woodley property, "subject to existing leases," and so was not then, "an existing lease." Plaintiff agreed with Mrs. Hammer to rent the premises to "responsible tenants." From the evidence the court might properly find that the Havens were not "responsible tenants," although they seem to have paid the first three months' rent.

Neither do we think that it is material that the lease to the Havens was made by Woodley. The defendant promised the plaintiff to rent the apartments to responsible tenants and by that promise he is bound.

The claim of right to withhold from rents collected the amount of rent collected on an apartment in excess of $60 per month is without merit.

We think the judgment gives to the plaintiff only what she is justly entitled to on the evidence, and it is affirmed.

*Judgment affirmed.*